# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTOPHER CHIRAS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil No.** |
| ) | **10-40169-FDS** |
| v. ) | |
| ) | |
| **NETSPEND CORPORATION and** ) | |
| **TRAVIS HORTHER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On August 26, 2010, plaintiff Christopher Chiras filed a very brief self-prepared complaint against Netspend Corporation and Travis Horther. The complaint alleged violations of the Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA"), 31 U.S.C. § 5361, and appeared to assert state law claims arising out of those violations.

On September 23, 2010, the Court issued a Memorandum and Order issued granting plaintiff's motion for leave to proceed *in forma pauperis* and directing him to demonstrate good cause why the case should not be dismissed for lack of subject matter jurisdiction and failure to state a claim.

In response, on September 30, 2010, plaintiff filed an amended complaint that asserts claims only against Netspend Corporation. The amended complaint asserts that this Court has exclusive jurisdiction over claims arising under UIGEA. The amended complaint also appears to claim jurisdiction based on diversity of citizenship.

While the amended complaint is very brief and somewhat cryptic, under the circumstances the Court will permit this action to proceed at this time against Netspend Corporation. This ruling is without prejudice to the ability of defendant to move to dismiss for lack of jurisdiction, to dismiss for failure to state a claim upon which relief can be granted, or for a more definite statement, or to file such other motion as may be appropriate.

Accordingly, it is hereby ordered that:

1. Plaintiff's claims against defendant Travis Horther are DISMISSED;
2. The Clerk shall issue a summons as to Netspend Corporation; and
3. The Clerk shall send the summons, amended complaint, and this order to plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by plaintiff to do so, the United States Marshals Service shall serve the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshals Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this order to complete service.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: October 26, 2010